No. 25-8031

# United States Court of Appeals for the Seventh Circuit

———————————

ERNEST PAYTON, ET AL.,
                            *Plaintiffs-Respondents*,

v.

UNION PACIFIC RAILROAD COMPANY,
                            *Defendant-Petitioner*.

———————————

On Petition for Permission to Appeal from the
United States District Court for the Northern District of Illinois
No. 1:24-cv-00153 (Hon. Jorge L. Alonso)

———————————

**DEFENDANT-PETITIONER'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

———————————

Gary Feinerman
Sean M. Berkowitz
Johanna Spellman
Kathryn A. Running
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700

Ben Harris
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

*Counsel for Defendant-Petitioner Union Pacific Railroad Company*

Pursuant to Federal Rule of Appellate Procedure 27, Defendant-Petitioner Union Pacific Railroad Company respectfully requests leave to file the attached Reply in Support of the Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b).

Neither the Appellate Rules nor this Court's rules expressly address the filing of a reply to support a Section 1292(b) petition. Under the Appellate Rules, a party seeking relief typically has an opportunity to reply to any opposition to the relief being sought. *See* Fed. R. App. P. 27(a)(4), 28(c) (permitting reply briefs). Accordingly, this Court frequently grants leave to file replies in support of Section 1292(b) petitions. *See, e.g.*, Order, *In re Argent Trust Co.*, No. 24-8016 (7th Cir. June 13, 2024), ECF No. 9; Order, *In re Geico Cas. Co.*, No. 23-8007 (7th Cir. Apr. 5, 2023), ECF No. 5; Order, *In re Holcomb*, No. 21-8031 (7th Cir. Oct. 26, 2021), ECF No. 8; Order, *In re Lancia Homes, Inc.*, No. 17-8004 (7th Cir. May 5, 2017), ECF No. 8; Order, *In re Clorox Co.*, No. 15-8016 (7th Cir. Sept. 8, 2015), ECF No. 12; Order, *In re Kmart Corp.*, No. 15-8002 (7th Cir. Feb. 23, 2015), ECF No. 9.

As in those cases, the Court should grant Union Pacific leave to file the attached reply. Plaintiffs' response to Union Pacific's Section 1292(b) petition mischaracterizes the proceedings below, Union Pacific's arguments, and what this Court will have to decide should it grant the petition. The proposed reply succinctly (within just over 4 pages) addresses Plaintiffs' arguments and comports with the general principles governing replies under Appellate Rule 27: It is being submitted only two days after Plaintiffs' response, is appropriately concise, and is tailored to the arguments in Plaintiffs' response. *Cf.* Fed. R. App. P. 27(a)(4), (d)(2)(C) (noting that

1

replies to motions must be filed "within 7 days after service of the response," limited to "2,600 words," and tailored to "matters" that "relate to the response").

Accordingly, Union Pacific respectfully requests leave to file the attached reply in support of its Section 1292(b) petition. Counsel for Union Pacific corresponded with Plaintiffs' counsel regarding this motion, and Plaintiffs' counsel represented that Plaintiffs "oppose the grounds of the proposed reply and take no position on whether the [C]ourt ought to allow the reply to be filed."

Dated: November 26, 2025

Respectfully submitted,

/s/ Gary Feinerman
Gary Feinerman
Sean M. Berkowitz
Johanna Spellman
Kathryn A. Running
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700

Ben Harris
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

*Counsel for Defendant-Petitioner Union Pacific Railroad Company*

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 382 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

This document complies with the typeface requirements and type-style requirements of Federal Rule of Appellate Procedure 32(a), as amended by Seventh Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Century Schoolbook font.

Dated:  November 26, 2025                     /s/ *Gary Feinerman*
                                                                                   Gary Feinerman

No. 25-8031

# United States Court of Appeals for the Seventh Circuit

―――――――――――

ERNEST PAYTON, ET AL.,
          *Plaintiffs-Respondents*,

v.

UNION PACIFIC RAILROAD COMPANY,
          *Defendant-Petitioner*.

―――――――――――

On Petition for Permission to Appeal from the
United States District Court for the Northern District of Illinois
No. 1:24-cv-00153 (Hon. Jorge L. Alonso)

―――――――――――

**REPLY IN SUPPORT OF UNION PACIFIC'S
PETITION FOR PERMISSION TO APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)**

―――――――――――

Gary Feinerman
Sean M. Berkowitz
Johanna Spellman
Kathryn A. Running
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700

Ben Harris
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

*Counsel for Defendant-Petitioner Union Pacific Railroad Company*

Union Pacific's petition presents a purely legal and controlling question: Whether Section 25(e) of BIPA requires only a temporal nexus—meaning that government contractors are exempt from BIPA's substantive provisions whenever they maintain active government contracts—or whether it requires some further substantive nexus between a contractor's alleged collection of biometric information and its government contracts. As the district court correctly observed, answering that question requires no further discovery or record development, and its resolution in Union Pacific's favor would end this case. Plaintiffs do not dispute this, and the arguments they do make are meritless.

*First*, Plaintiffs contend that if this Court agrees with the district court's construction of Section 25(e), Union Pacific "will raise an additional issue that it has not yet presented of what such a further substantive nexus consists of," making this case "a poor vehicle for interlocutory review." Pl. Opp. 9, ECF No. 4. Plaintiffs are wrong, as Union Pacific's petition does not present the question of what *kind* of substantive nexus is required if the Court holds that Section 25(e) demands a substantive as well as a temporal nexus. Rather, Union Pacific presents only the logically anterior question whether Section 25(e) requires any substantive nexus at all. That abstract legal question can be decided "quickly and cleanly without having to study the record." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000). The district court agreed, noting that "[t]he issue for interlocutory review appeal does not concern whether or not the [alleged] BIPA violations in this case were within the scope of any particular government contracts," but rather "remains

abstracted from the facts as a pure question of law: Does § 25(e) impose a purely temporal test or must the BIPA violation occur within the scope of a government contract?" Dkt. 98 at 2 (Pet. Ex. B).

*Second*, Plaintiffs repeatedly mischaracterize Union Pacific's summary judgment motion as "pre-discovery" and argue that its petition "glaringly omits that" Union Pacific stipulated that "'Plaintiffs were not performing work pursuant to the state or local government contracts'" at issue. Pl. Opp. 3-4, 7, 10, 19 (citation omitted). But at the time Union Pacific moved for summary judgment, the parties were engaged in discovery and expressly stipulated "that additional discovery [was] not needed for the Court to resolve" Union Pacific's motion. Dkt. 71 at 2.

*Third*, Plaintiffs wrongly argue that the parties' stipulation was "fatal to Defendant's summary judgment motion." Pl. Opp. 3. As Plaintiffs fail to note, Union Pacific presented two separate grounds for summary judgment. First, Union Pacific argued that because Section 25(e) imposes a purely temporal test, the undisputed fact that Union Pacific maintained active government contracts during the entire relevant time period meant that it was exempt from BIPA's substantive provisions. Dkt. 65 at 9-12. Second, assuming that Section 25(e) requires a substantive nexus, Union Pacific argued that its contracts had the requisite substantive relationship to operations at its intermodal facilities. *Id.* at 12-13. The district court addressed both issues in turn. Dkt. 90 at 3-7 (Pet. Ex. A). Plaintiffs' contention that the stipulated record somehow doomed Union Pacific's motion is flat wrong. They did not dispute that Union Pacific maintained active government contracts at all relevant times, Dkt.

78 at 6, leaving the district court to decide the purely legal question—presented here—whether Section 25(e) demands anything more.

*Fourth*, Plaintiffs' reliance on *Moomaw v. GeoSnapShot PTY LTD*, No. 23-cv-1321, 2025 WL 721130 (S.D. Ill. Mar. 6, 2025), is unavailing. Pl. Opp. 8, 10. The defendant in *Moomaw* sought certification of an order denying its motion to dismiss for lack of personal jurisdiction. 2025 WL 721130, at *1. The district court held that the order did not present a pure question of law because the personal jurisdiction question required "examination of the facts," among them being whether the defendant's "contacts with Illinois [were] sufficient to establish personal jurisdiction," such that this Court would have to "dig through the record, reviewing facts, Terms and Conditions, and declarations." *Id.* at *12. That is not the case here.

*Fifth*, Plaintiffs summarily assert that Section 25(e) does not present a "broadly applicable issue" worthy of interlocutory review. Pl. Opp. 7. Plaintiffs are wrong, as the proper interpretation of Section 25(e) has implications for any BIPA defendant, of which there are many, that is a government contractor.

*Sixth*, Plaintiffs dismiss *Miranda v. Pexco, LLC*, No. 2021 CH 02127 (Ill. Cir. Ct. Aug. 23, 2023) (Dkt. 68 at PDF 24-52), which held that Section 25(e) imposes a purely temporal test, as "[a] conclusory decision made from the bench lack[ing] deliberation and sufficient persuasive force to constitute a substantial conflicting decision." Pl. Opp. 13. That is inaccurate and unfair, as the *Miranda* court heard extensive argument on the question, parsed Section 25(e)'s text, and explained why it read the provision to impose a purely temporal test. The court explained that "the

3

key issue here is the phrase 'when working for,'" holding that it "means that it is during the same period of time that plaintiff was working for the defendant" and "does not mean while defendant is actively working on fulfilling the government contract or while plaintiff is working on the contract." Dkt. 68 at PDF 43-44. As the court concluded, "[i]t's a temporal question" looking to whether "plaintiff [was] working for defendant during the same time that defendant had a government contract and was a government contractor or subcontractor." *Id.* at PDF 44. Far from "conclusory," Pl. Opp. 13, *Miranda* heard argument, examined the issue, and explained its reasoning.

*Seventh*, Plaintiffs wrongly suggest that there must be an "intra-district split to resolve" to justify review under Section 1292(b), referencing this Court's grant of a Section 1292(b) petition in *Clay v. Union Pac. R.R. Co.*, No. 25-2185 (7th Cir. docketed July 14, 2025). But there was no intradistrict split in *Clay*, as district court decisions had coalesced around a single understanding of Illinois law. *See* Pet. for Permission to Appeal 13, *Clay v. Union Pac. R.R. Co.*, No. 25-8011 (7th Cir. June 20, 2025), ECF No. 1. Plaintiffs do not and could not cite any authority for the proposition that such a split is necessary under Section 1292(b).

*Eighth*, Plaintiffs outright ignore Union Pacific's arguments based on the Illinois Bill Drafting Manual and *Feliciano v. Department of Transportation*, 605 U.S. 38 (2025), both of which show that Section 25(e)'s use of the word "when" means just what it says: that a defendant is exempt when it maintains active government

4

contracts during the same time period that it allegedly collections biometric information, which was exactly what the *Miranda* court ruled.

\* \* \*

This Court should grant Union Pacific's request for an interlocutory appeal.


Dated: November 26, 2025          */s/ Gary Feinerman*
Gary Feinerman
Sean M. Berkowitz
Johanna Spellman
Kathryn A. Running
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700

Ben Harris
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

*Counsel for Defendant-Petitioner Union Pacific Railroad Company*

## CERTIFICATE OF COMPLIANCE

This document contains 1,119 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

This document complies with the typeface requirements and type-style requirements of Federal Rule of Appellate Procedure 32(a), as amended by Seventh Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Century Schoolbook font.

Dated:  November 26, 2025         /s/ *Gary Feinerman*
                                                           Gary Feinerman